Deborah J. Broyles (SBN 167681)
Email:  dbroyles@reedsmith.com
Tiffany R. Thomas (SBN 239085)
Email:  tthomas@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Defendant
Charles Schwab & Co., Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE ANDERSON,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CHARLES SCHWAB AND COMPANY, INC., and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | No.: 3:12-cv-01682-MMC<br><br>**ORDER APPROVING STIPULATION** ~~AND [PROPOSED] ORDER~~ **FOR PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**<br><br>*Hon. Maxine M. Chesney* |

Plaintiff JACQUELINE ANDERSON and Defendant CHARLES SCHWAB & CO., INC., by and through their respective counsel, hereby stipulate as follows:

WHEREAS, in connection with discovery in this case, the Parties have sought and/or anticipate seeking certain documents and/or information that the others contend is private, highly confidential, and/or proprietary;

WHEREAS, the Parties desire to protect the confidentiality of such documents and information consistent with applicable law, to ensure that they can obtain and pursue discovery with a minimum of delay and expense;

Whereas the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles;

Whereas, with the entry of this Order, neither party concedes to the confidentiality of any documents so designated by the Producing Party;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. DEFINITIONS  As used in this Protective Order:

   a. The term "Action" means the case entitled *Jacqueline Anderson v. Charles Schwab & Co., Inc.*, Northern District of California Case No. 3:12-cv-01682-MMC.

   b. The term "Challenging Party" means a Party or Non-Party that challenges the designation of information or items designated as "Confidential."

   c. The term "Confidential" means any information, whether documentary or oral, so designated by any Producing Person or Party which it reasonably, under standards developed under California statutory and common law, believes is of the type entitled to protection by law, subject to any party's right to challenge such designation through court intervention, as specified herein.

   d. The term "Current Employee" means any Person who is currently employed by any Party or Producing Person.

   e. The term "Defendant" means Defendant Charles Schwab & Co., Inc. ("Charles Schwab") and Defendant's current employees, agents, managers, officers, directors, subsidiaries, parent companies, and divisions, and any person or entity purporting to act on their behalf.

   f. The term "Designating Party" means a Party or Non-Party that designates information or items that it produces in responses to discovery as "Confidential."

   g. The term "Former Employee" means any Person who was formerly employed by any Party or Producing Person.

   h. The term "In-house Counsel" means internal corporate counsel employed or

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

assigned by any party engaged in the prosecution or defense of this Action including the paralegals, legal assistants, stenographic, or clerical employees and vendors who assist such counsel;

      i.      The term "Material" means the original and any copy (regardless of origin or location) of any written, reported, recorded or graphic matter, however stored, produced or reproduced, including, but not limited to, computer-stored and computer retrievable information; testimony at depositions upon oral examinations or upon written questions; answers to interrogatories; information obtained from the inspection of premises; tangible objects or documents; answers to requests for admission; and anything that is a "writing" under the California Evidence Code.

      j.      The term "Outside Counsel" means counsel of record retained by a Party for representation in the prosecution or defense of this Action for the parties, including firm associates, of counsel attorneys, paralegals, legal assistants, stenographic, or clerical employees who assist such counsel;

      k.      The term "Outside Experts, Consultants, or Investigators" means those Persons consulted or retained by the parties or their counsel of record in connection with this Action.

      l.      The term "Party" means any of the parties in this action including its officers, directors, and agents (but not Counsel).

      m.      The term "Person" or "Non-Party" includes a natural person, association, organization, partnership, limited liability company, business, trust, corporation, or public entity and any agent of the foregoing not named as a Party in this Action.

      n.      The term "Plaintiff" means Plaintiff Jacqueline Anderson, and any Person or entity purporting to act on her behalf.

      o.      The term "Producing Party" or "Producing Person" means a Party to the action or any third party, and all of its directors, employees, and agents (including Counsel), who produce or otherwise make available discovery Material to a Receiving Party.

      p.      The term "Professional Vendors" means persons or entities that provide litigation support services (e.g., court reporting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and

their employees and subcontractors.

q.   The term "Protected Material" means any Material that is designated as "Confidential."

r.   The term "Provide" means the production, delivery, or transfer of any Material directly to the Receiving Party, voluntarily or involuntarily, regardless of whether it is performed pursuant to a request or subpoena.

s.   The term "Receiving Party" means a Party to the action, and all of its directors, employees, and agents (including Counsel), who receive discovery Material from a Producing Party or Producing Person.

2.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party that was obtained by the Receiving Party before the disclosure from a Producing Person who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Nothing in this Protective Order, however, shall negate any duties or obligations regarding confidential or proprietary information to which Plaintiff is subject by virtue of her former employment with Defendant. Any use of Protected Material at trial shall be governed by a separate agreement or order to be worked out with the Court.

3.   DESIGNATION/DISCLOSURE OF CONFIDENTIAL MATERIAL

Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party

must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection under the appropriate standards or legal principles, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

      a.    <u>Manner and Timing of Designation</u>.  The Parties may designate as confidential at the time of production any Materials or information that contains Confidential Information by placing or affixing on each page of such Material the legend "Confidential."  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).  Portions of deposition testimony and transcripts may be designated "Confidential" pursuant to the provisions of Paragraph 5, below.

      b.    <u>Permitted Disclosures</u>. Protected Material shall not be used for any purpose other than the prosecution or defense of the Action by the Party or parties receiving such Protected Material in discovery.

      i)    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

    (1)    Parties to the Action;

    (2)    Outside counsel

    (3)    In-house counsel;

    (4)    Outside Experts, Consultants, or Investigators under the conditions described in Paragraph 8 below;

    (5)    Current Employees.  A Current Employee of a Producing Person or Party may be examined, may be shown, and may testify concerning any Protected Material of that Producing Person or Party;

    (6)    Former Employees (to the extent consistent with the California

Rules of Professional Conduct and applicable case law). A Former Employee of a Producing Person or Party may be examined, may be shown, may be interviewed, and may testify concerning any Protected Material of a Producing Person or Producing Party that pertains in any way to him/her, the subject matter of his/her employment or consultation or to the subject matter of his/her

(7) communications with the Producing Person or Party.

(8) A Non-Party who has had any contact or relationship with a Party may be examined, may be shown, may be interviewed, and may testify:

(a) Concerning any Protected Material that appears on its face to have been communicated between the Non-Party and any Party; and

(b) Concerning any Protected Material of a Party that documentary or testimonial evidence indicates was communicated between the Non-Party and the Party

(9) Professional Vendors engaged for this Action, and their staff;

(10) The California Superior Court, Appellate Court and Supreme Court, and their personnel, or other persons acting on its behalf, including without limitation members of any jury that may serve in proceedings in the Action.

c. <u>Restrictions on Use</u>.  Persons to whom Protected Material are to be provided, exhibited, or disclosed pursuant to this Paragraph 3(b)(i) must have: (1) read this order, (2) agreed to be bound by the terms thereof, (3) agreed to maintain said information in confidence, (4) agreed not to disclose the same except as permitted by this Paragraph 3, and (5) agreed to use said information solely for purposes of the prosecution and defense of this Action and not for any business, competitive or other purposes whatsoever.  Notwithstanding the foregoing, the California Superior Court, Appellate Court and Supreme Court, and its personnel, or other persons acting on its behalf, Court Reporters who provide services during depositions, are not subject to the provisions in this Paragraph.

4. <u>Use Of Party's Own Confidential Information</u>:  Notwithstanding any other provision of this Protective Order to the contrary, this Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure for any purpose of its own confidential information, including but not

limited to Protected Material in this Action. By way of illustration only, nothing herein shall require a Party (Party A) to inform another Party (Party B) that the Party (Party A) intends to disclose its own confidential information to Persons identified in Paragraph 3(b)((i). Nothing herein shall prohibit a Producing Party, or its Counsel, from disclosing Protected Material to the Person the document identifies as the author or addressee of such material.

5. DEPOSITIONS

a. The parties may designate any information disclosed during depositions as "Confidential" either on the record at the deposition or within 15 calendar days after the date of the deposition.

b. Designation of the portion of the transcript (including exhibits) as "Confidential" shall be made as follows: Upon review of the transcript by counsel for the party to whose information the contents of the deposition relate, that counsel shall designate within 15 calendar days after counsel's receipt of the transcript, by written communication to the other Parties, the specific pages and lines to be designated as "Confidential." If no designation is made within 15 calendar days after receipt of the transcript, the transcript shall be considered not to contain any confidential material.

c. The Parties also agree that to the extent depositions were completed prior to the execution of this stipulated protective order, the Parties have 15 calendar days after the Court's execution of this order to designate portions of the existing deposition transcripts or exhibits as "Confidential."

d. A Person not otherwise authorized to be shown Protected Material under Paragraph 3 of this Order may be examined as a witness at deposition and may be shown and may testify concerning any such information or documents as follows:

i) A Current Employee of a Producing Person or Party may be examined, may be shown, and may testify concerning any Protected Material of that Producing Person or Party.

ii) A Former Employee of a Producing Person or Party may be examined, may be shown, may be interviewed, and may testify concerning any Protected Material of a Producing Person or Producing Party that pertains in any way to him/her, the subject matter of

his/her employment or consultation or to the subject matter of his/her communications with the Producing Person or Party.

        iii)    A Non-Party who has had any contact or relationship with a Party may be examined, may be shown, may be interviewed, and may testify:

        (1)    Concerning any Protected Material that appears on its face to have been communicated between the Non-Party and any Party; and

        (2)    Concerning any Protected Material of a Party that documentary or testimonial evidence indicates was communicated between the Non-Party and the Party;

        (3)    Concerning any Protected Material to which the Non-Party is the subject.

6.    CHALLENGING DESIGNATION OF PROTECTED MATERIAL

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

In the event that counsel for any Party at any time believes Protected Material should not be so designated, such counsel shall so notify the Designating Party in writing, counsel for the Challenging and Designating Parties then shall meet and confer in good faith concerning such disputed Protected Material within ten (10) business days of receipt of the notice. If agreement is not reached, the Challenging Party may file a motion requesting that the Court order the removal of the Designating Party's designation. In such a proceeding, the Designating Party bears the burden of showing good cause with respect to any challenged designation. The Protected Material at issue shall be subject to and protected by this Stipulation and Order under the designation assigned by the Designating Party, until the Court has ruled on any such application. The Court may impose a monetary sanction under California Code of Civil Procedure § 2023.010, *et seq.*, against any Party, Person, or attorney who unsuccessfully makes or opposes such a motion, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the

imposition of the sanction unjust. Designations that are shown to have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. No Party shall be obliged to challenge the propriety of a Confidential Information designation, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

7. INADVERTENT DISCLOSURE

a. If a Producing Person or Party inadvertently fails to stamp or otherwise appropriately designate and/or label certain Protected Material as "Confidential" upon production or disclosure, the Producing Person or any other Party may thereafter designate by promptly giving written notice to all Parties that the Material is to be so designated. All parties shall then stamp or otherwise mark the designated Material with a "Confidential" or a similar legend.

b. To the extent provided by law, the inadvertent production of Material that is privileged or otherwise protected from disclosure independently of this Order shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work-product Materials, or the subject matter thereof. Upon receiving notice from a Producing Person or Party that Materials have been inadvertently produced, all such Materials (including all copies) shall be returned to the Producing Person or party within five (5) business days of receipt of that notice, unless timely application is made to the Court within that period to challenge the claim of privilege.

8. DISCLOSURE OF PROTECTED MATERIAL TO EXPERTS, CONSULTANTS, FORMER EMPLOYEES, INVESTIGATORS, AND NON-PARTIES

a. Before a Party discloses Protected Material to any Outside Expert, Consultant, Investigator, Former Employee, or Non-Party, he or she must certify that he or she has read this Protective Order and must sign a copy of the "Agreement to be Bound by Protective Order," attached hereto as Exhibit A. Once the Outside Expert, Consultant, Investigator, Former Employee, or Non-Party has executed the "Agreement to be Bound by Protective Order," it shall not be necessary for that Person to sign a separate statement each time he or she is subsequently given access to Protected Material. An Outside Expert, Consultant, or Investigator that is shown Protected

Material may retain copies of that Material or information subject to the provisions of Paragraph 9 below.

        b.      The original, executed "Agreement to be Bound by Protective Order" signed by Persons receiving Protected Material pursuant to this Paragraph 8 shall be maintained by the Outside Counsel who obtained the Agreement.

      9.      COMPLETION OF LITIGATION

Upon completion of all proceedings in this Action, including the expiration of all rights to judicial review, all Protected Material shall be returned to the Producing Party or destroyed. If the Receiving Party elects to destroy instead of returning such Protected Material, the Receiving Party shall confirm in writing to the Producing Party within sixty (60) days after final termination of the Action that the Protected Material has been destroyed. Each Party shall also ensure that all Outside Experts, Consultants and Investigators to whom Protected Materials designated were disclosed shall return all such Protected Materials to the Party consulting with or retaining such Persons or, alternatively, shall confirm in writing that all such Protected Material has been destroyed. Provided there is no Protected Material contained therein, Receiving Parties are not required to return or destroy any pleadings, discovery requests, documents filed with the Court, trial, deposition, or hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, consultant and expert work product, or attorney work-product. If Protected Material is contained therein, these documents must be either returned or destroyed. The provisions of this Protective Order restricting the dissemination, exhibition or other use of Protected Material shall continue to be binding on any Person subject to the terms of the Protective Order even after conclusion of this Action, unless a Designating Party agrees otherwise in writing or a court order otherwise directs.

      10.      RIGHT TO SEEK RELIEF FROM THE COURT

Nothing in this Protective Order shall be deemed to limit, prejudice or waive any rights of any Party or Person: (a) to resist or compel discovery with respect to, or to seek additional or different protection for, Material claimed to be protected by attorney work-product or other applicable privilege, Material as to which the Party or Person claims a legal obligation not to disclose, or Material not required to be produced pursuant to governing laws and rules; (b) to seek to modify or

obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance or admissibility at trial of any evidence, whether or not comprised of Confidential Information governed by this Protective Order; (d) otherwise to require that discovery be conducted according to governing laws and rules; or (e) to oppose production of any information on any ground allowed under the California Code of Civil Procedure, or any other state or federal law, rule or regulation. By signing this Protective Order, a Producing Party is not deemed to waive any objection to the production of any document. In addition, the election by any Party to disclose any portion of its "Confidential" information to others shall not be deemed a waiver of any of the rights established by this Protective Order.  The placing of any "Confidential" designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

11. FILING CONFIDENTIAL INFORMATION WITH THE COURT

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79- 5(e) unless otherwise instructed by the court.

12. USE OF PROTECTED MATERIAL IN COURT

Should counsel for any Party desire to use Protected Material, or any portion or summary thereof, during any proceedings held in open court, he or she shall, prior to such use and upon conferring with opposing counsel, make a request to the Court that the Protected Material be filed under seal with this Court.  Outside Counsel shall exercise due care not to disclose Protected Material needlessly in the public record of any proceedings.  As to use of the Protected Material at trial, the

Parties shall work out with the trial court at the Final Status Conference or other hearing to establish a procedure for using Confidential Information at trial. The court will have discretion to decide how the Confidential Information can be used at trial.

13.  MAINTENANCE OF PROTECTED MATERIAL

Persons described in paragraph 3(b)(i) with custody of Protected Material shall maintain them in a manner that ensures that access to it is strictly limited to Persons entitled to receive Protected Material in accordance with this Protective Order.

14.  SUBPOENAS

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material, the Receiving Party must promptly notify the Designating Party in writing and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must promptly inform in writing the litigant who caused the subpoena or order to issue in the other litigation that some or all of the Protected Material covered by the subpoena or order are the subject of a Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the litigant in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

15.  JURISDICTION

Upon conclusion of this Action, this Court shall retain such jurisdiction with respect to this Protective Order for purposes of enforcing its terms and conditions and to enable any Party herein affected to apply for such other and further orders concerning the subject of this Protective Order as may be necessary or appropriate. Counsel for the Designating Party shall have the opportunity to oppose any request for public inspection of Protected Material.

16. **RIGHTS INTACT**

Except as described herein, this Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or Person with respect to any Protected Material.

17. **EFFECTIVE DATE**

Once the order is signed and entered by the Court, this agreement shall be effective immediately.

DATED:  March 11, 2013.                REED SMITH LLP


By_____/s/ Tiffany R. Thomas_____
     Deborah J. Broyles
     Tiffany R. Thomas
     Attorneys for Defendant
     Charles Schwab & Co., Inc.


DATED:  March 11, 2013.                LAW OFFICES OF M. J. RANDLE


By_____/s/ Murlene J. Randle_____
     Murlene J. Randle
     Attorneys for Plaintiff
     Jacqueline Anderson

Based on the parties' stipulation, and good cause appearing, **IT IS SO ORDERED**.

DATED: March 13, 2013            . 
_____
Hon. Maxine M. Chesney
Senior United States District Judge

# **EXHIBIT A**

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I am about to receive Confidential Information provided in connection with the litigation entitled *JACQUELINE ANDERSON v. CHARLES SCHWAB & CO., INC.*, Northern District of California Case No. 3:12-cv-01682-MMC.  I certify my understanding that such Confidential Information is to be provided to me pursuant to the terms and restrictions of the Protective Order in the action and that I have been given a copy of and have read said Protective Order and agree to be bound by the terms thereof.  I understand that such Confidential Information and any copies I make of any Material containing Confidential Information or any notes or other records that may be made regarding any such Confidential Information shall not be disclosed to any persons other than those persons to whom such information may be disclosed pursuant to this Protective Order.

Dated: _____                        _____
                                                                         Signature

REED SMITH LLP
A limited liability partnership formed in the State of Delaware